No. 23-35356

# In the United States Court of Appeals for the Ninth Circuit

MELODY SPEAR,

Plaintiff-Appellee,

v.

STATE FARM MUTUAL INSURANCE COMPANY,

Defendant-Appellant.

**JOINT MOTION TO CERTIFY THE QUESTION TO THE OREGON SUPREME COURT**

Appeal from Order of United States District Court (Eugene)
Case No. No. 6:22-CV-00113-MK
Mustafa Kasubhai, Magistrate Judge

Travis Eiva, OSB No. 052440
EIVA LAW
1165 Pearl St. Suite 100
Eugene, OR 97401
T: (541) 636-7480
F: (458) 205-8658
travis@eivalaw.com

Of Attorneys for Plaintiff-Appellee
Melody Spear

Ralph C. Spooner, OSB No. 732880
SPOONER & MUCH, P.C.
530 Center Street N.E., Suite 712
Salem, OR 97301
T: (503) 378-7777
F: (503)588-5899
rspooner@smapc.com

Of Attorneys for Defendant-Appellant State Farm Mutual Automobile Insurance Company

## MOTION

COMES NOW, defendant-appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorney, Ralph C. Spooner, Spooner & Much, P.C., and plaintiff-appellee, Melody Spear, by and through her attorney, Travis Eiva, and moves the court for an Order, pursuant to ORS §§ 28.200 to 28.255, certifying the following question of substantive state law to the Oregon Supreme Court.

## QUESTION

Is the following exclusion for uninsured/underinsured motorist ("UM/UIM") coverage exclusion in the State Farm motor-vehicle liability policies valid and enforceable under existing Oregon Law?

"THERE IS NO COVERAGE:

". . . ..

"2. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY*:

"a. WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* OR FURNISHED FOR THE REGULAR USE OF *YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*[.]"

# MEMORANDUM

## I.    The Issue

The parties have submitted opening and answering briefs to this Court setting forth their respective authority and arguments for and against the enforceability of the above exclusion. Those briefs make clear that the question is of state law, involves the interpretation of Oregon statutes, is a question of law of first impression in Oregon, and is a question that is likely to arise in cases going forward. Consequently, the parties respectfully request that this Court certify the question to the Oregon Supreme Court so that the question can be conclusively resolved.

Because this joint motion should not emphasize either party's view of the merits over the other, the parties point the Court to the opening and answering briefs that have already been filed in this case to identify the merits of the dispute.

However, a brief general summary of this matter of state law is as follows: In Oregon, all automobile liability insurance policies must include UM/UIM coverage. *See* ORS § 742.502 (so providing). The Oregon Legislature also enacted ORS § 742.504, which provides insurers model terms for UM/UIM coverage that can be provided within the insurance policy. The insurers do not have to copy that model coverage within the policies that they sell. The only rule is that the insurer cannot provide UM coverage that is "less favorable in any respect" to the insured than the coverage terms described in ORS § 742.504(1)-(12). *See* ORS § 742.504 ("Every

[automobile liability policy] . . . shall provide uninsured motorist coverage that in each instance is no less favorable in any respect to the insured . . . than if [ORS § 742.504(1)-(12)] were set forth in the policy.").

Within the statutory model coverage, the Oregon legislature has listed quite a few permissible exclusions and limitations to UM/UIM coverage in ORS § 742.504(1)-(12) that disfavor insureds. *See e.g.* ORS § 742.504(4) (describing several permissible coverage exclusions). However, the Oregon Supreme Court has interpreted ORS § 742.504 to instruct that the coverage exclusions and limitations described in ORS § 742.504(1) to (12) "are the ***only*** provisions that disfavor insureds that an insurer may include in a policy for UM/UIM coverage" and that the insurer may vary from those provisions only by "soften[ing]" them or by adding "terms that are neutral or that favor insureds[.]" *Vega v. Farmers Ins. Co. of Oregon*, 323 Or. 291, 301-03, 918 P.2d 95, 101 (1996). On the other hand, if the insurer drafts a provision that excludes or limits UM/UIM coverage in a manner that is "less favorable in any respect to the insured" than the coverage terms described in ORS § 742.504(1)-(12), then the provision is "unenforceable." *Vega*, 323 Or. 291, 301-03. In this case, the parties do not dispute that basic understanding of the current state of Oregon law.

A core dispute in this case is over the scope of the above-described "unenforceability rule" in ORS § 742.504. Plaintiff asserts that if an insurance

policy provision creates an exclusion or limitation from UM/UIM coverage that results in less UM/UIM coverage to the insured during the life of the policy than the coverage terms described in ORS § 742.504(1)-(12), then the exclusion/limitation is unenforceable in *any* later claim for coverage. Defendant asserts that if an insurance policy provision creates an exclusion or limitation from UM/UIM coverage that results in less UM/UIM coverage to the insured during the life of the policy than the coverage described in ORS § 742.504(1)-(12), then the provision is unenforceable *only* when the overbroad exclusion/limitation provides the basis for the denial of the claim.

In any event, whichever side is correct necessarily turns on the statutory interpretation of the scope of the "unenforceability rule" in ORS § 742.504. That is a very important matter of state law that will be applied in many cases going forward for years to come.

As of now, federal judges have swung in both directions on the arguments presented in this case. In *Estes v. State Farm Mut. Auto. Ins. Co.*, No. 21-35446, 2022 WL 1714237, at *1 (9th Cir. May 27, 2022) (Not Reported), a Ninth Circuit panel in an unpublished opinion sided with the insurer's view of the statute. After that opinion, an Oregon district court disagreed and held that the statutory text required that the insured's view be adopted. *See Spear v. State Farm Mut. Auto. Ins. Co.*, No. 6:22-CV-00113-MK, 2023 WL 1778657(D. Or. Feb. 6, 2023) and *Burright*

*v. State Farm Mut. Auto. Ins. Co.*, No. 3:22-CV-00667-MK, 2023 WL 2526114 (D. Or. Feb. 6, 2023). All sides on the issue will necessarily have to continue to litigate it until Oregon's highest court weighs in on the scope of the Oregon statute creating the "unenforceability rule."

This Court should certify the question to the Oregon Supreme Court so that Oregon insurers and the Oregon insurance-buying public can have clarity on the scope of UM/UIM coverage going forward.

**II. Other Cases**

This same legal issue is currently before this court in the following cases that are currently before this Court:

- *Burright v. State Farm Mutual Automobile Insurance Company,* No. 23-35357; and

- *Kremers v. Hagerty Insurance Agency et al.,* No. 23-35209.

**III. Legal Standard for Certification to the Oregon Supreme Court**

This Court has discretion to certify a question to the Oregon Supreme Court. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). The appropriateness of certification is guided by the factors set forth in *Western Helicopter Services, Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364-65, 811 P.2d 627 (1991). LR-83-15(a). Those factors are as follows:

(1) Whether the certification came from a designated court;

(2) Whether the question is one of law and not fact;

(3) Whether the law at issue is a question of Oregon law;

(4) Whether the question may be determinative of the cause; and

(5) Whether there is no controlling precedent from the Oregon Supreme Court or Oregon Court of Appeals.

*Western Helicopter*, 311 Or. at 364; and ORS § 28.200.

### A. The *Western Helicopter* factors favor certification.

#### 1. Designated Court

Pursuant to ORS § 28.200, the Oregon Legislature has authorized the Oregon Supreme Court to answer certified questions from this Court.

#### 2. Question of Law

The certified question must be a legal dispute. *Western Helicopter*, 311 Or. at 364; and ORS 28.210. Certification is not appropriate where disputed facts render the legal dispute unclear. *Western Helicopter*, 311 Or. at 364-65 (citation omitted).

The question presented here is purely a legal dispute. If the State Farm provision is enforceable, then plaintiff-insured is not entitled to any UM/UIM coverage under the policy. If the provision is not enforceable, then the plaintiff is entitled to UM/UIM coverage under the policy.

As set forth in the briefing, the facts material to resolving this issue are undisputed. There are no disputed facts pertaining to the legal issue in this case, so

this factor favors certification.

   3.   **Question of Oregon Law**

The question presented must concern Oregon law and not the law of another jurisdiction. *Western Helicopter*, 311 Or. at 365. The question presented in this case is the interpretation of Oregon statue, ORS § 742.504 and Oregon insurance policies. Federal courts apply Oregon law to the interpretation of Oregon insurance policies. *Snook v. St. Paul Fire & Marine Ins. Co.*, 220 F. Supp. 314, 316-17 (D. Or. 1963). The only law at issue is Oregon law, and therefore this factor favors certification.

   4.   **Determinative of the Cause**

The answer to the question presented must have potential to determine at least one claim in the case. *Western Helicopter*, 311 Or. at 365. If State Farm's interpretation is correct, then the answer to the question presented would completely resolve the claims in State Farm's favor. Therefore, this factor favors certification.

It also must be emphasized, that this coverage question has been raised not only in the above listed federal district cases but it is also arising in other UM/UIM claims for benefits that have yet to be filed. Resolution of this question through expedition to the Oregon Supreme Court would limit substantial expenditure of judicial resources on those cases as well.

   5.   **No Controlling Precedent**

The final factor requires the certifying court to engage in an analysis of

7

whether there is any controlling precedent in the Oregon Court of Appeals or Oregon Supreme Court. *Western Helicopter*, 311 Or. at 365. If there is controlling precedent in either appellate court, then certification is not appropriate. *Id.*

Here, no published opinion in an Oregon appellate court or federal appellate court has addressed this issue regarding the scope of the unenforceability rule. That factor favors certification because there is no controlling precedent on this issue.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that this Court enter an Order certifying the question stated above to the Oregon Supreme Court.

DATE: November 7, 2023.


| /s/ Travis Eiva                . | /s/ Ralph Spooner                . |
| Travis Eiva, OSB No. 052440 | Ralph Spooner, OSB No. 732880 |
| travis@eivalaw.com | rspooner@smapc.com |
| Of Attorneys for Plaintiff-Respondent | Of Attorneys for Defendant-Appellant |